Case 4:25-cv-05643   Document 6   Filed on 11/26/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PHONG VAN DO,** § | |
| § | |
| Petitioner, § | |
| VS. § | **CIVIL ACTION NO. 4:25-cv-05643** |
| § | |
| **PAMELA BONDI,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER FOR AN ANSWER

Petitioner Phong Van Do, a detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) in Conroe, Texas, has filed a petition for habeas corpus relief under 28 U.S.C. § 2241, challenging his continued detention under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Preliminary examination of Petitioner's application for a writ of habeas corpus indicates that an answer is needed. The Court also concludes that an order prohibiting Respondents from removing Petitioner from the Southern District of Texas while this Petition is pending is warranted.

### I.  JURISDICTION

The protections of the Constitution apply to all persons within the jurisdiction of the United States, without regard to immigration or citizenship status. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982).

While federal district courts do not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), federal courts do, however, have jurisdiction over habeas petitions, including those brought by a noncitizen challenging his detention. *See* 28 U.S.C. § 2241(a); see U.S. CONST. art. I, § 9, cl. 2 (The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or

1

Invasion the public Safety may require it"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (affirming that "an alien. . . [may] rely on 28 U.S.C. § 2241(a) to challenge [their] detention").

In this case, Mr. Do's Petition does not purport to seek review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that Mr. Do was subject to arrest and detention in violation of the Constitution and laws of the United States. The Court is therefore of the opinion that it has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Moreover, even if this Court ultimately concludes that it lacks jurisdiction to grant the relief requested, the Court nonetheless has the authority to make a final determination regarding subject-matter jurisdiction and the power to act to preserve the status quo until it makes this determination. *See Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (stating that a federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief."). unless the assertion of jurisdiction is frivolous). This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906). Other District Courts facing similar immigration habeas petitions in recent months have reached the same conclusion. *See, e.g.*, Order Granting Temporary Restraining Order, *Lopez-Arevelo v. Ripa et al.*, No. 3:25-cv-00337-KC (W.D. Texas, Aug. 26, 2025), ECF No. 11; Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631-BEM (D. Mass. June 5, 2025), ECF No. 5.

This Court is persuaded by the reasoning in these decisions. In order to conduct a meaningful assessment of Mr. Do's Petition, the Court finds that his request that the Court assume jurisdiction over this matter and order that Petitioner shall not be transferred outside the Southern District of Texas while this habeas petition is pending should be granted.

## II. ORDER

Pursuant to 28 U.S.C. § 2241, the Court **ORDERS** as follows:

### A. Service of Process

1. The Clerk shall issue summons and the U.S. Marshal shall serve copies of the Petition (Doc. No. 1) and this Order upon the following persons by <u>certified mail, return receipt requested</u>:

    a. Pamela Jo Bondi, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530;

    b. Kristi Lynn Noem, Secretary of the United States Department of Homeland Security, U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave SE, Washington, DC 20528;

    c. Todd M. Lyons, Director of United States Immigration and Customs Enforcement, 500 12th St SW, Washington, DC 20536;

    d. Marcos Charles, Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 500 12th St SW, Washington, DC 20536;

    e. Bret Bradford, U.S. ICE Field Office Director for the Houston District, 126 Northpoint Drive, Houston, Texas 77060;

    f. Immigration and Customs Enforcement, 500 12th St SW, Washington, DC 20536;

    g. U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave SE, Washington, DC 20528;

    h. Randy Tate, Warden, Montgomery Processing Center, 806 Hilbig Rd, Conroe, TX 77301.

2. In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a copy of this order on the United States Attorney for the Southern District of Texas via email at USATXS.CivilNotice@usdoj.gov.

**B. Respondents' Answer**

1. Respondents shall file an answer or other responsive pleading no later than **December 9, 2025**. Respondents shall forward a copy of same to Petitioner or to Petitioner's counsel. Respondents are cautioned that under Rule 12(c) of the Federal Rules of Civil Procedure, if Respondents' motion relies on matters outside the pleadings, the motion shall be treated as one for summary judgment and should be titled as such.

2. Respondents' answer shall contain:

    a. A statement of the authority by which Petitioner is held, and if held under the judgment or order of any court, the name of such court and the number and style of the case in which same were entered;

    b. A specific response to each of Petitioner's factual allegations and legal contentions, with applicable authority;

    c. A statement as to whether Petitioner has exhausted all administrative remedies;

    d. A statement indicating what transcripts of prior proceedings, including detention proceedings, are available and when they can be furnished, and what proceedings have occurred but without transcription.

3. Unless the Court instructs otherwise, each party shall serve the other party, or counsel, with a copy of every pleading, letter, or other document submitted for consideration by the Court. Service shall be by mail to the other party unless the parties agree to conduct service via email or ECF filings. Every pleading or document filed with the Clerk of the Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was served and to whom. Any pleading or other document received by the Clerk that fails to include the certificate of service may not be accepted. Failure to serve in accordance with this Order may subject a party to sanctions by this Court. There will be no direct communications with the U.S. District Judge or any U.S. Magistrate Judge. All communications must be submitted to the Clerk with copies to the other party.

4. If Respondents file a dispositive motion (i.e., a motion to dismiss or for summary judgment), Petitioner shall file a response within **FIVE DAYS** of the date reflected on the certificate of service.

**C. Stay of Transfer for Removal**

1. Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Southern District of Texas without first seeking and receiving leave from this Court. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.

The Clerk is to provide a copy of this Order to all parties, including Petitioner.

    **IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 26th day of November, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE